UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  11-61517 ALTONAGA/SIMONTON

NANCY VALENCIA,

       Plaintiffs,

vs.

FEDERAL BOND & COLLECTION
SERVICE, INC.,

       Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, FEDERAL BOND & COLLECTION SERVICE, INC., by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

1. In response to the allegations contained in Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to allege claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").  Defendant denies it has violated the FDCPA, and denies that it is liable to Plaintiff.  All other allegations are denied.

## JURISDICTION

2. In response to Paragraph 2 of the Complaint, Defendant admits that Plaintiff purports to allege jurisdiction within this Court.  Defendant specifically denies that jurisdiction exists under 28 U.S.C. § 1337.  All other allegations are denied.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendant admits that Plaintiff purports to allege jurisdiction within this venue.  Defendant is without knowledge as to

Plaintiff's residence. Defendant admits that it has conducted business in this District. All other allegations are denied.

## PARTIES

5. Defendant is without knowledge as to the allegations contained in Paragraph 5 of the Complaint, and therefore, denies same.

6. In response to the allegations in Paragraphs 6, 7, 8, 9 and 10 of the Complaint, Defendant admits that it is sometimes construed as a "debt collector" as defined in the FDCPA. Defendant further admits that it uses the mail and telephone and admits that its business includes collecting amounts owed; but it is without knowledge as to whether the underlying amount at issue is a "debt" as defined by the FDCPA, and therefore denies all allegations that it is a "debt collector" or that it was attempting to collect a consumer "debt" from Plaintiff. Defendant admits that it has an office in Pennsylvania. All other allegations are denied.

## FACTUAL ALLEGATIONS

7. Defendant is without knowledge as to the allegations contained in Paragraph 11 of the Complaint, and therefore, denies same.

8. In response to the allegations of Paragraph 12 of the Complaint, Defendant admits that it attempted to collect an amount owed by a person with a similar name as Plaintiff. Defendant is without knowledge of the remainder of the allegations and therefore denies the same.

9. In response to Paragraph 13 of the Complaint, Defendant is unaware for what purpose the account balance was incurred. All other allegations are denied.

10. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

11.     Defendant denies as phrased the allegations contained in Paragraph 15 of the Complaint, as such call for a legal conclusion as to whether certain information was required to be provided.  All other allegations are denied.

### COLLECTION CALLS

12.     In response to Paragraph 16 of the Complaint, Defendant states that it calls for a legal conclusion for which no response is required.  In the event a response is required, the allegations are vague and ambiguous with respect to time and place.  All other allegations are denied.

13.     In response to Paragraph 17 of the Complaint, Defendant states that the allegations are vague and ambiguous with respect to time and place. All other allegations are denied..

### SUMMARY

14.     Defendant denies the allegations contained in Paragraphs 18, 19, and 20 of the Complaint.

### TRIAL BY JURY

15.     In response to Paragraph 21 of the Complaint, Defendant admits that Plaintiff requests a trial by jury.

### CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 et seq.

16.     In response to the allegations in Paragraph 22 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in Paragraphs 1 through 21 of the Complaint.

17. Defendant denies the allegations contained in Paragraphs 23 and 24 of the Complaint.

## COUNT 2

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

18. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

## COUNT 3

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

19. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

## COUNT 4

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g

20. In response to the allegations in Paragraph 27 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in Paragraphs 1 through 26 of the Complaint. The incorporation of other counts is also impermissible.

21. Defendant denies the allegations contained in Paragraphs 28 and 29 of the Complaint.

## COUNT 5

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f

22. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

## COUNT 6

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e

23. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

14516953v1  NEWFILE  NEWFILE

## COUNT 7

## VIOLATION OF FCCPA §559.75

24.     Defendant denies the allegations contained in Paragraph 32 of the Complaint, and states that Plaintiff has failed to allege a claim under the FCCPA upon which relief may be granted.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred or diminished because the damages alleged by Plaintiff may have been the result of superseding and/or intervening cause(s).

2.     Defendant states that if it violated the FDCPA or FCCPA, which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

3.     Plaintiff failed to state a claim upon which relief may be granted, including but not limited to the alleged violation of "§559.75" in count VII, which does not exist.  To the extent that Plaintiff is alleging a violation of Fla. Stat. §559.715, no private right of action exists. Furthermore, Defendant states that Plaintiff fails to state a claim pursuant to the FDCPA because the message described in the Complaint is not a communication as a matter of law and it is not otherwise violative of the FDCPA.  *See e.g. Biggs v. Credit Collections, Inc*., 2007 WL4034997 (W.D. Okla., Nov. 15, 2007).  Plaintiff's claims are also barred or diminished because Plaintiff was informed or otherwise knew that the alleged messages were from a debt collector.

4.     Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

5.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations to the extent that the alleged violations occurred outside the 1 and 2 year limitations period of the FDCPA and FCCPA, respectively.

14516953v1 NEWFILE NEWFILE

6. Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

7. Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay said firm attorney's fees related to the same.

8. Defendant is entitled to the award of attorneys fees and costs pursuant to 15 U.S.C. § 1692k, 28 U.S.C. §§ 1927, 1920, and Fla. Stat. §559.77, 57.105.

WHEREFORE, Defendant, FEDERAL BOND & COLLECTION SERVICE, INC., respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, and that this Court award costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927, 15 U.S.C. § 1692k, and Fla. Stat. §§ 559.77 and 57.105 in favor of Defendant, and award any other relief in favor of Defendant that this Court deems just and appropriate.

Dated: August 3, 2011.

*Respectfully submitted,*

*s/David P. Hartnett*
David P. Hartnett
Florida Bar No. 0946631
dhartnett@hinshawlaw.com
Hinshaw & Culbertson LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Tel. No. 305-358-7747
Fax No.  305-577-1063
Attorneys for Defendant

Case No. 11-61517

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 3, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day, in the manner specified above, on all counsel of record identified below:

Andrew I. Glenn, Esquire
Card & Glenn, P.A.
2501 Hollywood Blvd.,
Suite 100
Hollywood, FL  33020
Phone:  954 921-9994
Fax:  921-9553
E-Mail:  AGlenn@cardandglenn.com

*s/David P. Hartnett*
David P. Hartnett